UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Future Lawn, Inc.,                                    Case No. 3:12-cv-2670

    Plaintiff

v.                                                    MEMORANDUM OPINION
                                                      AND ORDER

Jeremiah Magee,

    Defendant

## I.    INTRODUCTION & BACKGROUND

On July 22, 2013, the parties filed a Consent Decree and Judgment Entry of dismissal. (Doc. No. 29). Under the agreement, Defendant Jeremiah Magee agreed not to "operate, advertise or otherwise promote any business in which he is an owner, agent or representative, using the registered service mark '*xxx-TURF*', from the date of [the] Order." (*Id.*)

On December 28, 2017, Plaintiff Future Lawn, Inc. filed a motion for contempt citation and for damages, claiming Magee had "flagrant[ly] disregard[ed]" the Consent Decree. (Doc. No. 31). Specifically, Future Lawn claimed Magee was not only continuing to use "*xxx-TURF*" in advertisements, but also attempting to circumvent the court's Order by using "*xxx-xxxx (TURF)*." (*Id.*). The parties began settlement negotiations to resolve this issue, and, on April 12, 2018, the parties filed a joint status report stating, "The parties can report that they have reached a settlement as to this issue, and are just finalizing the last of the terms." (Doc. No. 36). Hearing nothing to the contrary, the court inferred the matter had indeed been settled and terminated the motion for contempt on May 17, 2018. Although the docket states the motion was designated as "termed," an internal term of art for the clerk, it should more probably be designated as "denied" and the clerk is ordered to effect that change. (Doc. No. 31).

Several months later, on October 16, 2018, Future Lawn moved for a hearing on the previously denied motion for contempt. (Doc. No. 37). In response, I held a telephone status conference. The parties represented there was a dispute as to whether an enforceable settlement agreement had, in fact, been reached on the matter of contempt. Because the motion for contempt was previously denied, I instructed Future Lawn to renew the motion for contempt. (Doc. No. 40). I also advised Magee to file a motion to stay the contempt proceedings and enforce the alleged settlement agreement. (*Id.*). Those motions are currently pending before me. (Doc. Nos. 39, 41, & 43).

## II. STANDARD & DISCUSSION

An agreement to settle claims between parties to litigation is a contract, and a court must enforce the agreement if the language of the agreement is clear and the parties enter the agreement voluntarily. *Miller v. Prompt Recovery Servs., Inc.*, No. 5:11-cv-2292, 2014 WL 4230895, at *2 (N.D. Ohio, Aug. 25, 2014) (citing cases). Ohio law applies to the determination of whether the parties' settlement agreement is enforceable. *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (A settlement agreement is governed by the substantive law of the state in which the agreement was made.).

Under Ohio law, an unexecuted settlement agreement is enforceable if "there is sufficient particularity to form a binding contract." *Tocci v. Antioch Univ.*, 967 F.Supp.2d 1176, 1200 (N.D. Ohio 2013) (quoting *Kostelnik v. Helper*, 96 Ohio St. 3d 1, 3 (2002)). This is so unless "there is clear evidence demonstrating that the parties did not intend to be bound by the terms of an agreement until formalized in a written document and signed by both." *Richard A. Berijian, D.O., Inc. v. Ohio Bell Tel. Co.*, 54 Ohio St. 2d 147, 151 (1978).

In this case, it is undisputed that, at one time, the parties agreed to the particular terms of the unexecuted settlement agreement. (Doc. No. 44 at 3 ("That is why Plaintiff was no longer willing to accept the settlement terms when the proposed agreement was finally signed by Defendant[.]")).

The issue is whether the parties intended to be bound only after the settlement agreement was signed by both parties.

As the Supreme Court of Ohio has cautioned, "courts should be particularly reluctant to enforce ambiguous or incomplete contracts that aim to memorialize a settlement agreement between adversarial litigants." *Rulli v. Fan Co.*, 79 Ohio St. 3d 374, 376 (1997). In light of the history between these two litigants, especially regarding negotiations surrounding this particular alleged settlement agreement, I order an evidentiary hearing be conducted to determine whether an enforceable settlement agreement exists.

### III.    CONCLUSION

For the foregoing reasons, an evidentiary hearing regarding Defendant's motion to enforce the settlement agreement is scheduled for June 17, 2019 at 3:00 p.m. (Doc. No. 41). Because Plaintiff's motion for contempt citation and damages is dependent upon the outcome of Defendant's motion to enforce settlement agreement, Defendant's motion to stay contempt proceedings is granted. (Doc. No. 42).

Further, as stated above, the entry "term[ing]" Plaintiff's previous motion for contempt shall be amended to reflect denial of the motion. (Doc. No. 31). In turn, Plaintiff's motion for a hearing on the previously-denied motion is also denied. (Doc. No. 37).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge