UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Future Lawn, Inc.,                       Case No. 3:12-cv-2670

         Plaintiff

    v.                             MEMORANDUM OPINION
                                            AND ORDER

Jeremiah Magee,

         Defendant

On July 22, 2013, following a settlement conference, Magistrate Judge James R. Knepp, II issued a Consent Decree and Judgment Entry on this case. (Doc. No. 29). In it, Judge Knepp ordered that:

> 1. Defendant Jeremiah Magee, shall not operate, advertise or otherwise promote any business in which he is an owner, agent or representative, using the registered service mark "*xxx-TURF*", from the date of this Order;
>
> 2. Violation of this Consent Decree shall be punishable as a contempt of Court. The contemnor shall be liable, among other things, for all Court costs and the reasonable attorney fees incurred or expended by any other party in an effort to enforce this Order.

(*Id.*). Plaintiff Future Lawn, Inc. alleges Defendant Jeremiah Magee violated this Consent Decree and should be held in contempt. (Doc. Nos. 39 & 51). Defendant Jeremiah Magee filed a memorandum in opposition to Plaintiff's motion for contempt and damages, (Doc. No. 58), and Plaintiff replied. (Doc. No. 60).

"A consent decree is essentially a settlement agreement subject to continued judicial policing." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). As the Supreme Court explained:

> Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate

the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation. Thus the decree itself cannot be said to have a purpose; rather the parties have purposes, generally opposed to each other, and the resultant decree embodies as much of those opposing purposes as the respective parties have the bargaining power and skill to achieve. For these reasons, the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it. Because the defendant has, by the decree, waived his right to litigate the issues raised, a right guaranteed to him by the Due Process Clause, the conditions upon which he has given that waiver must be respected, and the instrument must be construed as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation.

*United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971) (footnote omitted).

Even though a consent decree is a final judicial order, "[a] court has no occasion to resolve the merits of the disputed issues or the factual underpinnings of the various legal theories advanced by the parties." *Williams*, 720 F.2d at 920. Instead, "[t]he injunctive quality of consent decrees compels the court to: 1) retain jurisdiction over the decree during the term of its existence[ ]; 2) protect the integrity of the decree with its contempt powers [ ]; and 3) modify the decree should 'changed circumstances' subvert its intended purpose." *Id.* (internal citations omitted).

To succeed on its motion for contempt, Plaintiff must establish by clear and convincing evidence that Defendant violated the Consent Decree. *See Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th 1996). Here, Plaintiff relies on two photos to support his contempt allegation. The first is a snow blade bearing the offending mark "XXX-TURF." (Doc. No. 39-3). The second is a trailer with the mark "XXX-XXXX (TURF)." (Doc. No. 39-4).

Strictly construing the Consent Decree, as I must, I conclude the mark on the trailer does not violate the Consent Decree. *See Williams*, 720 F.2d at 920 ("A consent decree, therefore, should be strictly construed to preserve the bargained for position of the parties."). Although use of this mark may be in violation of trademark law, that question is not before me now. Plaintiff's reliance

on its argument that the offending mark is in violation of trademark law is misplaced since that issue was not resolved on the merits by Judge Knepp when he issued the Consent Decree. Accordingly, while the use of the mark ""XXX-XXXX (TURF)" may open Defendant to further litigation, it does not violate the Consent Decree as written.

Defendant concedes the snow blade bears the offending mark but contends the mark was placed on the blade prior to the Consent Decree. (Doc. No. 58 at 2). Defendant further alleges that, because this piece of equipment is no longer in its possession and cannot be located, the mark cannot be removed. (*Id.*). Plaintiff sets forth no evidence to dispute Defendant's allegations. Instead, Plaintiff relies on the single photo submitted with its motion on November 15, 2018, before the parties attempted to informally settle this matter. This photo bears no time-stamp, and there is no affidavit to speak to the date it was taken. Since the photo was taken, the snow blade has gone missing. Although Plaintiff contends the snow blade was last seen at a place frequented by Defendant's employees and trucks, Plaintiff submits no evidence to support a finding that Defendant is still in control of this illusive snow blade.

I agree it is suspicious that Defendant purports not to know who purchased the snow blade or when it was purchased. But, without more, I cannot find Plaintiff has met its burden of showing by clear and convincing evidence that Defendant violated the Consent Decree by "operat[ing], advertis[ing] or otherwise promot[ing] any business in which he is an owner, agent or representative, using the registered service mark '*xxx-TURF*'" after July 22, 2013. Therefore, Plaintiff's motion for a contempt citation and damages is denied.

So Ordered.

                                                                 s/ Jeffrey J. Helmick
                                                                 United States District Judge